UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID EVANS,

                Plaintiff,                Case No. 1:18-cv-23

v.                                            Honorable Janet T. Neff

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

                Defendants.
_____/

## **OPINION**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Michigan Department of Corrections (MDOC), Smith, Scriebner, Jane Doe and Corizon Health Care Services (Corizon). The Court will serve the complaint against Defendants Beechler and Treble.

**Discussion**

I.  **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. The events about which he complains, however, occurred primarily at the Ionia Correctional Facility (ICF) in Ionia, Michigan. Plaintiff sues the MDOC, Corizon, ICF Warden Willie Smith; ICF Deputy Warden Unknown Scriebner; ICF Nurses Unknown Beechler and Unknown Treble; and the unknown health care provider on-call at ICF on the afternoon of June 23, 2017, named as Jane Doe. Defendants Smith, Scriebner, Doe, and Corizon are sued in their official capacity. Defendant Beechler is sued in his or her personal and official capacity. Plaintiff does not identify the capacity in which he is suing Defendant Treble.

Plaintiff alleges that on June 23, 2017, at 3:00 p.m., he was stabbed by another inmate eleven times: three times to the back of his neck; two times to his chest; one time to his left armpit; one time to the right side of his throat; and the remaining four times to his left arm and back. (Compl., ECF No. 1, PageID.3.) Plaintiff states that he was then handcuffed and walked to segregation housing where he was placed in a shower cage for two hours before being seen by Defendant Beechler and Defendant Treble. (*Id.*) The nurses put bandages on Plaintiff's stab wounds. (*Id.*) He was then placed back in the shower cage in his bloody clothing. (*Id.*) He remained standing in the shower cage until 9:00 p.m. when he was taken to Ionia Sparrow Hospital. (*Id.*)

Plaintiff alleges that the on-call health care provider delayed obtaining authorization to send Plaintiff to the hospital for so long because the nurses described Plaintiff's wounds as a few minor scratches. (*Id.*) Plaintiff alleges that "[n]o permission was given by

Warden Willie Smith or Deputy Warden Scriebner to take me to the hospital for medical attention." (*Id.*, PageID.3-4.) Plaintiff was also told that the inmate who stabbed him had been taken to the hospital first and that both inmates could not be at the same hospital. (*Id.*, PageID.3.)

The treating doctor ordered a CAT scan and informed Plaintiff that it was impossible to determine the depth or severity of each stab wound without the scan. (*Id.*, PageID.4.) Plaintiff was stitched up and returned to ICF. (*Id.*)

The next day, Plaintiff was told he suffered a punctured lung and severe damage to the back of his neck. (*Id.*) He contends that Defendants MDOC and Corizon have since refused to provide treatment for his injuries. (*Id.*, PageID.5.)

Plaintiff claims that Defendants, by leaving him standing, severely wounded, for over six hours in a segregation shower cage, unduly delaying treatment for his wounds, and ultimately refusing to provide necessary follow-up treatment, violated, and continue to violate, his Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff also contends that Defendants violated the Fourteenth and Fourth Amendments, but he does not explain the nature of those claims.

Plaintiff asks the Court to order the MDOC and Corizon to provide Plaintiff the medical care he needs for his injuries and asks for an award of damages for his pain and suffering.

## II.     The MDOC

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara*

*v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the MDOC is properly dismissed under the doctrine of sovereign immunity.

### III. Official and personal capacity

Plaintiff sues Defendants Smith, Scriebner, and Jane Doe in only their official capacities.[1] (Compl., ECF No. 1, PageID.2.) A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity; in this case, the MDOC. *See Will*, 491 U.S. at 71; *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). For that reason, an official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989). Nevertheless, an official-capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar prospective injunctive relief against a state official).

---

[1] The sufficiency of Plaintiff's allegations against Defendants Smith, Scriebner, and Jane Doe, if Plaintiff had sued them in their personal capacities, is discussed below. *See* § IV. A., *infra.*

To the extent Plaintiff seeks an award of monetary damages against Defendants Smith, Scriebner, and Jane Doe, in their official capacities, such claims are properly dismissed under the doctrine of sovereign immunity. But, Plaintiff also seeks injunctive relief. Those claims are not barred by sovereign immunity.

Even though Plaintiff's official-capacity claims for injunctive relief against Defendants Smith, Scriebner, and Jane Doe clear the bar of sovereign immunity, they are still properly dismissed as moot because Plaintiff is no longer incarcerated at ICF. Plaintiff is an inmate at ARF. Defendants Smith, Scriebner, and Jane Doe are employed at ICF. Those Defendants no longer have any authority over the conditions of Plaintiff's confinement or his medical care. Accordingly, Plaintiff's claims for injunctive relief against those Defendants are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir.2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). Accordingly, Plaintiff claims against Defendants Smith, Scriebner, and Jane Doe are properly dismissed.[2]

### IV. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

---

[2] The same reasoning requires dismissal of Plaintiff's claims for injunctive relief against Defendants Beechler and Treble. Nonetheless, as explained below, Plaintiff's Eighth Amendment allegations against those Defendants suffice to state a claim for damages.

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff alleges that Defendants have violated his Eighth, Fourteenth, and Fourth Amendment rights.

A.  Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something

7

more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize

8

claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

There are two separate, but related, Eighth Amendment claims raised in Plaintiff's complaint: first, he contends that Defendants were deliberately indifferent to his serious medical needs when they delayed treatment on June 23, 2017; and second, Plaintiff contends that the MDOC and Corizon continue to be deliberately indifferent to his serious medical needs because they refuse to provide continuing treatment for his injuries.

1.  Defendants Beechler and Treble

With respect to the Plaintiff's claim relating to the night of June 23, 2017, Plaintiff's assertion that Defendants Beechler and Treble simply bandaged him up and permitted him to be returned to the segregation shower and then informed Defendant Doe that his injuries were mere scratches when, in fact, they were obviously severe, sufficiently alleges the objective and subjective elements of a deliberate indifference claim.[3] With respect to subsequent failures or refusals to provide treatment, however, Plaintiff's allegations are simply too sketchy. Plaintiff

---

[3] If Plaintiff had sued Defendants Smith, Scriebner, or Doe in their respective personal capacities, the claims would have failed at the subjective element. Plaintiff does not allege that Defendants Smith, Scriebner, or Doe had any personal knowledge regarding Plaintiff's injuries other than what they were told by Defendants Beechler and/or Treble. If Defendants Smith, Scriebner, or Doe believed that Plaintiff suffered only scratches, they were not "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and, thus, it is not suprising that they did not "draw the inference." *Farmer,* 511 U.S. at 837.

states only "[t]he MDOC as well as Corizon Health Care Providers know of my complaints and are not helping me." (Compl., ECF No. 1, PageID.4-5.) Although Plaintiff's injuries may be sufficiently serious to satisfy the objective element of his claim, his allegation falls short with regard to the subjective element.

2. Defendant Corizon

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

In the body of Plaintiff's complaint, he fails to attribute any action or failure to act, much less unconstitutional action or failure to act, to Corizon. Plaintiff states only that Corizon is sued in its official capacity and asks the Court to order Corizon to provide continuing care.[4]

An understanding of how Corizon might be liable for violating § 1983 is helpful to evaluating the sufficiency of Plaintiff's allegations. As a starting point, Corizon is susceptible to suit under § 1983 as one acting under color of state law. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) ("It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'"), *abrogation on other grounds recognized by Warren v. Prison Health Servs., Inc.*, 576 F. App'x 545, 559 (6th Cir. 2014). As a corporate entity, Corizon can only act through its employees.[5] Nonetheless, Corizon cannot be held vicariously liable for the § 1983 violations of its employees under a theory of *respondeat superior*. *Street v. Corrections Corp of America*, 102 F.3d 810, 818 (6th Cir. 1996) ("'A defendant cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis. *Monell v. Department of Social Serv.*, 436 U.S. 658 (1978). *Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.'"). Instead, a private entity acting under color of state law is only liable when the execution of its practice, policy, or custom inflicts the injury or serves as the moving force behind the deprivation of the plaintiff's rights. *See Baker v. Stevenson*, 605 F. App'x 514, 520 (6th Cir. 2015); *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012); *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). Plaintiff makes no such

---

[4] Plaintiff makes similar allegations with respect to the MDOC; however, that entity enjoys sovereign immunity. *See* § II above.

[5] *See In re NM Holdings Co.*, LLC, 622 F.3d 613, 620 (6th Cir. 2010) (quoting *Upjohn Co. v. New Hampshire Ins. Co.*, 476 N.W.2d 392, 400 (Mich. 1991) ("'A corporation can only act through its employees . . . .'")).

allegations against Corizon. Thus, his allegations fall short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's claim against Corizon, therefore, is properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections will be dismissed on grounds of sovereign immunity; Defendants Smith, Scriebner and Jane Doe will be dismissed on grounds of mootness; and Defendant Corizon will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Beechler and Treble.

An Order consistent with this Opinion will be entered.


Dated: January 31, 2018                              /s/ Janet T. Neff
                                                     Janet T. Neff
                                                     United States District Judge